NORMAN THURMER v. NORMAN A. HERVIN, JR.,
AND OTHERS.
BARTON CONTRACTING COMPANY, RESPONDENT.

200 N. W. 2d 314.

August 25, 1972—No. 43021.

*James Malcolm Williams,* for appellant.

*Douglass, Bell, Donlin, Shultz & Petersen* and *James M. Shultz,* for respondents Hervin.

*Jardine, Logan & O'Brien* and *Donald M. Jardine,* for respondent Barton.

Heard before Knutson, C. J., and Rogosheske, Peterson, and MacLaughlin, JJ.

PER CURIAM.

Appeal by plaintiff from a judgment of the district court in favor of plaintiff against defendants Norman A. Hervin, Jr., and Norman A. Hervin, Sr., and in favor of defendant Barton Contracting Company against plaintiff.

At about 6 p. m. on October 20, 1968, two boys were injured at the intersection of Highway 8 (now Interstate 35W) and County Road I, in Ramsey County. Plaintiff, a Ramsey County deputy sheriff, went to the scene of the accident in response to a call for police assistance. While directing traffic at the scene, he was struck by an automobile driven by defendant Hervin, Jr., and owned by defendants Hervin, Jr., and Hervin, Sr.

Defendant Barton Contracting Company was engaged at the time in extending I-35W northerly, pursuant to a contract with the State of Minnesota. The accident happened within the construction zone which extended over a 2-mile area, at least 1 mile of which was south of the intersection where the accident happened. The extension of I-35W at this particular point utilized Highway 8 in part. The northbound lane of I-35W had been completed. Highway 8 was being torn out in preparation for construction of the southbound lane of I-35W. Defendant Barton Contracting Company rerouted the traffic over the new northbound lane, one lane for southbound traffic and one lane for northbound traffic. A distance of approximately 300 feet north and south of the intersection of County Road I and Highway I-35W construction signs and barricades channeled traffic both northbound and southbound onto the new half of the highway.

Defendant Hervin, Jr., proceeding northerly on I-35W, entered the construction zone about a mile south of the accident scene. He observed

the flashing lights of the police cars parked near the intersection of County Road I. As he approached the intersection, he looked to his left and saw police officers going over something, possibly writing. He looked ahead and could see that he was in the northbound lane. He did not see plaintiff until he was approximately 6 feet to a car-length away from him. Plaintiff was standing with his back to defendant's approaching automobile. Defendant Hervin, Jr., applied the brakes, turned to the right, and the left front fender of his car struck plaintiff.

The issues of negligence and comparative negligence were submitted to the jury which found for plaintiff as against defendants Hervin and fixed the percentage of fault at 30 percent for plaintiff and 70 percent for defendant Hervin, Jr. The jury found defendant Barton Contracting Company to be free of negligence.

Plaintiff's primary position on this appeal is that defendant contractor created a dangerous condition in the placement of, and failure to position, adequate and proper warning devices and is therefore liable to plaintiff although the actual injury was caused by the negligence of another. Contended also is that the verdict was inadequate, the result of passion and prejudice generated by an unfair trial; and that the jury erred in fixing plaintiff's percentage of fault.

The issue of the contractor's negligence was fully and completely submitted to the jury pursuant to instructions approved by this court in the case of Dornack v. Barton Construction Co. Inc. 272 Minn. 307, 137 N. W. 2d 536 (1965). In addition, from an examination of the testimony it appears clearly that although the accident happened in a construction zone, there was no causal relationship between that fact and the happening of the accident. The verdict of the jury is supported by the evidence.

Because plaintiff was performing his official duty at the time of the accident, he contends that only speculation and prejudice could justify the jury's assessment of 30-percent comparative fault on his part. Plaintiff's comparative fault was submitted to the jury pursuant to an instruction substantially as requested by plaintiff. The instruction was in accordance with the controlling legal principles. 61 C. J. S., Motor Vehicles, § 475.

There was a conflict in the evidence as to plaintiff's exact position in the highway at the time of the accident and admittedly his back was turned to the northbound traffic at the time he was struck. The facts of the occurrence created a jury issue. Following the guidelines set forth in Martin v. Bussert, 292 Minn. 29, 33, 193 N. W. 2d 134, 137 (1971), there has been cited to us no basis, and a review of the evidence reveals

no basis, on which to disturb the apportionment fixed by the jury.

Plaintiff makes numerous other assignments of error including that he was denied a fair trial. Plaintiff's manner of presentation of the case by offering evidence concerning his claim of the contractor's liability before submitting any evidence relative to the occurrence of the accident prolonged the trial and raised many issues of admissibility of certain of the evidence. Despite this trial tactic selected by plaintiff's counsel, an examination of the record clearly discloses the trial judge exercised commendable judicial restraint and preserved for plaintiff a fair trial. Although a jury verdict in a larger amount would have been sustained, neither the amount of the verdict or the percentage of fault found by the jury indicates that the verdict was the result of passion or prejudice.

All the other of plaintiff's assignments of error have been fully considered and are without merit.

Affirmed.